# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS SPRINGFIELD DIVISION

| | |
|---|---|
| CURTIS LOVELACE et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 17-1201 |
| ADAM GIBSON et al., | ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. Magistrate Judge:

This matter comes before the Court on the People of the State of Illinois (Illinois) Motion to Quash Plaintiff's Subpoena(s) (d/e 42). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

Plaintiff Curtis Lovelace was charged with murdering his wife Cory Lovelace. He was tried twice in Illinois state court. The first trial ended in a mistrial because the jury could not reach a unanimous verdict. The jury in the second trial acquitted Curtis Lovelace. Plaintiffs then brought this action against Quincy, Illinois, Police Detective Adam Gibson; Quincy Police Chief Robert Copley; Quincy Police Sergeant John Summers; Quincy Police Lieutenant Dina Dreyer; Quincy Police Detective Anjanette Biswell; Adams County, Illinois, First Assistant States Attorney Gary Farha;

Adams County Coroner James Keller; the City of Quincy, Illinois; and Adams County, Illinois. The Plaintiffs alleged claims under 42 U.S.C. § 1983 for withholding exculpatory evidence, malicious prosecution, unlawful detention, conspiracy to violation Plaintiffs' constitutional rights, and supervising officers' failure to intervene; and state-law claims for false imprisonment, intentional infliction of emotional distress, malicious prosecution, civil conspiracy, municipal respondeat superior liability, and indemnification by the Defendant municipalities. Complaint (d/e 1), Counts I-XI.

In discovery, Plaintiffs served deposition subpoenas (Subpoenas) on non-parties Edwin R. Parkinson, Chief Special Prosecutor, Office of Illinois State's Attorneys Appellate Prosecutor; and David J. Robinson, Deputy Director, Special Prosecutor, Office of Illinois State's Attorneys Appellate Prosecutor. Parkinson tried both of the cases against Curtis Lovelace, and Robinson assisted Parkinson in conducting the second trial. The state court appointed the Office of Illinois State's Attorney Appellate Prosecutor to try the case because the Adams County State's Attorney had a conflict of interest. Curtis Lovelace was an attorney and a part-time state's attorney for Adams County at the time of his wife's death. See Plaintiffs' Response to the State of Illinois' Motion to Quash Plaintiff's Subpoena(s)

(d/e 45) (Response), at 3.  The depositions are set for January 10, 2018. Motion, attached Subpoenas.

Illinois has now moved to quash the Subpoenas.

ANALYSIS

This Court may quash a subpoena that requires disclosure of privileged or otherwise protected matter, or imposes an undue burden on the subpoenaed party.  Fed. R. Civ. P. 45(d)(3)(A)(iv).  To determine whether the subpoena imposes an undue burden, the Court should "weigh the burden to the subpoenaed party against the value of the information to the serving party."  Amini Innovation Corp., v. McFerran Home Furnishings, Inc., 300 F.R.D. 406, 409 (C.D. Ca. 2014); see Northwestern Memorial Hosp. v. Ashcroft, 362 F.3d 923, 927 (7th Cir. 2004).  The burden imposed on non-parties is entitled to "special weight" in performing this calculus. Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998); Mosely v. City of Chicago, 252 F.R.D. 421, 434 (N.D. Ill. 2008).  Illinois has the burden of proof to demonstrate that the Subpoenas should be quashed. See CSC Holdings, Inc., v. Redisi, 309 F.3d 988, 993 (7th Cir. 2002).

Illinois argues that Parkinson and Robinson are protected from testifying under the Silent Witness doctrine.  The case cited by Illinois hold that a criminal defendant in a criminal case cannot subpoena the

prosecutor of that case to testify in that case.  People v. Palacio, 240 Ill.App.3d 1078, 1094, 607 N.E.2d 1375, 1384-85 (Ill.App. 4th Dist. 1993).  This is not a criminal case and Parkinson and Robinson are not attorneys of record in this case.  The Silent Witness doctrine does not apply.

Alternatively, Illinois asks the Court to "require plaintiff to specify the subject matter of the deposition and limit the scope of said deposition to those matters and to a reasonable time." Motion, ¶ 3. Illinois quotes Williams v. Sandel, 2010 WL 11538240 (E.D. KY. February 12, 2010) for the proposition, that "depositions of attorneys in general and of prosecutors in particular are often closely scrutinized to avoid the obvious potential for abuse and to prevent unnecessary impingement upon prosecutorial authority and discretion." Williams, 2010 WL 1153820, at *4.

In this case, the Court sees no risk of abuse or impingement on prosecutorial discretion.  The risk of abuse or impingement comes most often when a party seeks to make an attorney representing a party in a case a witness in the same case.  See Ill. Sup. Ct. RPC 3.7 (advocate in a case cannot be a witness in the same case); Palacio, 607 N.E.2d at 1384-85 (Silent Witness doctrine).  The criminal case against Curtis Lovelace is over here so those concerns do not exist.  Furthermore, Parkinson and Robinson can refuse to answer questions or produce documents that are

protected by applicable privileges or other applicable rule or law.  See Fed. R. Civ. P. 30(c)(2).  The depositions are also already limited in time.  Fed. R. Civ. P. 30(d).

Parkinson and Robinson are likely to have discoverable information.  Parkinson and Robinson discussed their interactions with Gibson on the record in second criminal trial and entered into a stipulation about those interactions in that case.  See Motion, at 2; Response, at 8.  Parkinson and Robinson clearly have discoverable information about the Gibson's conduct.  These prosecuting attorneys in Williams had little or no discoverable information.  The plaintiff in Williams also brought § 1983 claims of malicious prosecution against law enforcement officers.  The Williams plaintiff served subpoenas on four members of the Commonwealth Attorney's office.  Three of the proposed deponents had no connection with the underlying prosecution of the Williams plaintiff and the fourth had only limited relevant information.  Williams, 2010 WL 11538240, at *3.  Here Parkinson and Robinson have discoverable information.  The Williams court quashed the subpoenas on the three individuals with no involvement in the criminal case and limited the scope and length of the deposition of the fourth to the matters on which he had knowledge.  Here, Parkinson and Robinson have personal knowledge of relevant significant

relevant information.  The Court, in its discretion, finds that the restrictions imposed in Williams are not appropriate here.

Illinois argues that the depositions are unnecessary because the Parkinson and Robinson fully discussed their interactions with Gibson on the record in the second criminal trial and stipulated to those matters.  The Court disagrees.  Parkinson and Robinson's statements as counsel of record in a criminal trial were not under oath.  Their statements may now be used for impeachment, but may not be admissible as substantive evidence if, for example, Parkinson or Robinson are not available when this matter goes to trial.  See Fed. R. Evid. 613, 803(8)(A)(ii), 804(b)(1).  The stipulation in the second criminal trial would not be admissible in this case because many if not most of the parties in this case were not parties in the second criminal trial and did not join the stipulation.

In addition, Plaintiffs may wish to ask seek information that is relevant in this case that was not relevant in the second criminal trial.  The elements of the claims in this case differ from the issues in the second criminal trial.  Plaintiffs may wish to ask questions specifically relevant to the elements in this case.  Moreover, the Plaintiffs are entitled to inquire whether Parkinson and Robinson have other relevant information.  Parkinson and Robinson's statements on the record in the second criminal trial and the stipulation in

the second criminal trial are not a sufficient substitute for the proposed depositions.

THEREFORE, the People of the State of Illinois Motion to Quash Plaintiff's Subpoena(s) (d/e 42) is DENIED.

ENTER: December 5, 2017

                 s/ *Tom Schanzle-Haskins*
                 UNITED STATES MAGISTRATE JUDGE