E-FILED
Tuesday, 10 July, 2018 03:52:07 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| CURTIS LOVELACE et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 17-cv-1201 |
| DETECTIVE ADAM GIBSON, et al. | ) | |
| Defendants. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants City of Quincy, Illinois (Quincy), Quincy Police Chief Robert Copley, Quincy Police Detective Adam Gibson, Quincy Police Sergeant John Summers, Quincy Police Lieutenant Dina Dreyer, and Quincy Police Detective Anjanette Biswell's (Collectively the Quincy Defendants) Motion to Reconsider (d/e 57). For the reasons set forth below, the Motion is ALLOWED in part.

## BACKGROUND

Plaintiff Curtis Lovelace was charged with murdering his wife Cory Lovelace. He was tried twice in Illinois state court. The first trial ended in a mistrial because the jury could not reach a unanimous verdict. The jury in the second trial acquitted Curtis Lovelace. Plaintiffs then brought this

action against the Quincy Defendants and Adams County, Illinois, First Assistant States Attorney Gary Farha; Adams County Coroner James Keller; and Adams County, Illinois. The Plaintiffs alleged claims under 42 U.S.C. § 1983 for withholding exculpatory evidence, malicious prosecution, unlawful detention, conspiracy to violate Plaintiffs' constitutional rights, and supervising officers' failure to intervene; and state-law claims for false imprisonment, intentional infliction of emotional distress, malicious prosecution, civil conspiracy, municipal respondeat superior liability, and indemnification by the Defendant municipalities. Complaint (d/e 1), Counts I-XI.

In discovery, the Quincy Defendants issued subpoenas (Subpoenas) and served them on non-party attorneys Jeff Page and James Elmore (Defense Attorneys). The Defense Attorneys represented Plaintiff Curtis Lovelace in the first criminal trial. The Subpoenas ordered production of the following:

> Any and all records contained in the criminal defense counsel's entire litigation file, pertaining to **Curtis Lovelace, D.O.B. 10/22/1968,** including but not limited to: all trial proceedings relating to the criminal prosecution of Curtis Lovelace for the murder of Cory Lovelace.
>
> Please provide a privilege log for any documents deemed privileged. Also, please provide a retention policy should any records have been destroyed.

> Please provide records on CD or electronic format whenever possible.

Motion to Quash (d/e 54), Exhibit 1, Subpoena, attached Rider (emphasis in the original).

The Defense Attorneys filed a Motion to Quash, to quash the Subpoenas. No party responded to the Motion to Quash within 14 days of service. A party is deemed to have no objection to a motion if she or he does not file a response within 14 days of service. Local Rule 7.1(B)(2). Pursuant to this Rule, the Court found no objection to the Motion to Quash and allowed it. Text Order entered May 18, 2018. The Quincy Defendants now ask the Court to reconsider that ruling, and further, to order the Defense Attorneys to comply with the Subpoenas.

## ANALYSIS

The Quincy Defendants correctly note that this Court may reconsider any interlocutory order at any time. Fed. R. Civ. P. 54(b). The attorneys for Quincy Defendants state that they did not receive an emailed copy of the Motion to Quash. The attorneys for the Quincy Defendants also state that this Court did not issue an order setting the response date. Finally, the attorneys for the Quincy Defendants state that they inadvertently failed to diary the May 15, 2018 response deadline and so missed it.

This Court's Local Rule 7.1(B)(2) clearly states that responses to Motions must be filed within 14 days of service. No order was needed to set the response date. The attorneys for the Quincy Defendants should be aware of the Local Rules and follow them. The Court's records also show that the Notice of Electronic Filing was sent to the attorneys for Quincy Defendants. The Quincy Defendants further admit they were aware of the Motion to Quash and the Clerk's office calculation of the May 15, 2018, deadline, but failed to file a response by that date. The attorneys state that the failure was inadvertent. No interested party has opposed this Motion to Reconsider, and so none has any opposition to it. Local Rule 7.1(B)(2). In light of these considerations, the Court will reconsider and vacate the Text Order entered May 18, 2018, granting the Motion to Quash. The Court now considers the Motion to Quash on the merits.

This Court may quash a subpoena that requires disclosure of privileged or otherwise protected matter, or imposes an undue burden on the subpoenaed party. Fed. R. Civ. P. 45(d)(3)(A)(iv). The Defense Attorneys move to quash the Subpoenas because Illinois Supreme Court Rule 415(c) prohibits from production the requested materials and because the documents are subject to attorney-client privilege. <u>Motion to Quash</u>, ¶¶ 4-6. The Defense Attorneys do not argue that production of the sought

material would be otherwise unduly burdensome.  The burden of production, therefore, is not an issue.  The only issue is whether the Subpoenas require disclosure of privileged or otherwise protected matter.

The Defense attorneys assert that the Subpoenas seek material protected by Illinois Supreme Court Rule 415(c).  Illinois Supreme Court Rule 415 concerns discovery in a criminal case.  Rule 415(c) states:

> **(c) Custody of Materials.** Any materials furnished to an attorney pursuant to these rules shall remain in his exclusive custody and be used only for the purposes of conducting his side of the case, and shall be subject to such other terms and conditions as the court may provide.

<u>Illinois Supreme Court Rule 415(c) (emphasis in the original)</u>.  Rule 415(c) prohibits disclosure of documents produced to the defense in discovery in a criminal proceeding in Illinois courts.  The Subpoenas, however, ask for the entire litigation files, not just documents produced in discovery.  Thus, Rule 415(c)'s prohibitions do not provide a basis to quash the Subpoenas completely.

The Quincy Defendants argue that Rule 415(c) does not apply in this case because the Plaintiffs allege federal claims, and so, state privileges do not apply.  This Court disagrees.  Rule 415(c) does not establish a

privilege.[1]  Rather, Rule 415(c) limits the use of documents produced in discovery.  The Rule is more akin to a protective order established by Illinois Supreme Court Rule to apply in all criminal cases in Illinois that limits the use and distribution of discovery materials.  The parties and the Defense Attorneys have cited no authority to support a claim that this Court under the circumstances of this case can direct the Defense Attorneys to disregard such a prohibition on use of discovery materials.  The Defense Attorneys may withhold discovery materials subject to Rule 415(c), but this Court will not quash the Subpoenas entirely on this basis.

The Defense Attorneys also move to quash because the records sought are subject to the attorney-client privilege.  The Defense Attorneys' blanket claim of privilege is not a proper basis to quash the Subpoenas in this particular case.  The attorney-client privilege protects confidential communications between a client and an attorney, acting as an attorney, for the purposes of obtaining legal advice.  Sandra T.E. v. South Berwyn School Dist. 100, 600 F.3d 616, 618 (7th Cir. 2010).  The documents sought are relevant and some documents may not contain confidential communications with Plaintiff Curtis Lovelace.  Such documents would not

---

[1] Neither Plaintiff Curtis Lovelace nor his prosecutors in the first trial could waive the restrictions on use of discovery documents in Rule 415(c) and require the Defense Counsel to disclose discovery materials generally.

be subject to the attorney-client privilege. Some of the documents may also contain only factual information. Facts are not generally privileged under the attorney-client privilege. See Upjohn Co. v. United States, 449 U.S. 383, 396 (1981) (attorney-client privilege "extends to *communications* and not to facts."(emphasis in the original)). The Court will not quash the Subpoenas because some of the documents sought may be privileged.

The Defense Attorneys may withhold material over which they assert claims of privilege in their responses to the Subpoenas. The Defense Attorneys will have the burden to establish each privilege for each document on which they assert a claim. The Defense Attorneys must prepare a privilege log in which the Defense Attorneys assert for each document: (1) the privilege or privileges claimed; and (2) the nature of the withheld document in a manner that, without revealing information itself privileged, will enable the parties and the Court to assess each claim. Fed. R. Civ. P. 45(e)(2).

The Quincy Defendants also argue that the Defense Attorneys may not raise the work product privilege. The work product privilege has been set forth in Federal Rule of Civil Procedure 26(b)(3). [2] The Rule protects

---

[2] The Court also does address whether the scope of the work product privilege established by the Supreme Court in Hickman v. Taylor, 329 U.S. 495 (1947), and further developed in subsequent decisions, is limited only to the language in Rule 23(b)(3). See 8 Wright, Miller, and Marcus, Federal Practice and Procedure, § 2024.

documents from discovery only if the documents were "prepared in anticipation of litigation or for trial by or for another party." Fed. R. Civ. P. 26(b)(3). The Quincy Defendants argue that the documents sought by the Subpoenas were not prepared for a party in anticipation of litigation or trial in this case and so are not covered by the work product privilege as set forth in Rule 26(b)(3). The Defense Attorneys have not yet raised a work-product privilege so this argument is premature.

In addition, the cases cited by the Quincy Defendants do not directly address the facts in this case. The cases cited involved subpoenas seeking discovery of materials from attorneys in other proceedings (primarily prosecutors) when the parties in the other proceedings were not parties in the litigation in which the discovery was sought. See e.g., Davis v. Carmel Clay Schools, 282 F.R.D. 201, 204-05 (S.D. Ind. 2012). The Subpoenas in this case seek discovery of materials that may include documents prepared in anticipation of litigation or trial in another case, but the client in the other case, Plaintiff Curtis Lovelace, is also a party this case. Should the Defense Attorneys choose to raise the work-product privilege, and should the Quincy Defendants choose to challenge the claim of privilege, the parties will need to address whether Rule 23(b)(3) applies

to documents prepared in anticipation of litigation or trial for a party in this case, when the litigation or trial was in a different case.

THEREFORE, IT IS ORDERED that the Defendants' Motion to Reconsider (d/e 57) is ALLOWED in part. This Court vacates its Text Order entered May 18, 2018, allowing interested parties Jeff Page and James Elmore's Motion to Quash. The Motion to Quash (d/e 54) is DENIED in part. The Court modifies the scope of the Subpoenas as follows. Attorneys Page and Elmore are not required to produce documents and other materials produced to them in discovery in the criminal prosecution of Plaintiff Curtis Lovelace for the murder of Cory Lovelace and subject to the restrictions of Illinois Supreme Court Rule 415(c). Attorneys Page and Elmore must produce all other non-privileged, responsive documents by July 31, 2018. Attorneys Page and Elmore must also provide a privilege log for all documents withheld based on claims of privilege.

ENTER: July 10, 2018

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE