**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION**

| | | |
|---|---|---|
| CURTIS LOVELACE, LOGAN LOVELACE, LINCOLN LOVELACE, and CHRISTINE LOVELACE on behalf of her minor son LARSON LOVELACE | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 17-cv-1201 |
| DET. ADAM GIBSON, POLICE CHIEF ROBERT COPLEY, SGT. JOHN SUMMERS, LT. DINA DREYER, DET. ANJANETTE BISWELL, UNKNOWN QUINCY POLICE OFFICERS, GARY FARHA, CORONER JAMES KELLER, THE CITY OF QUINCY, and COUNTY OF ADAMS, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>OPINION</u>

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants Adam Gibson, Robert Copely, John Summers, Dina Dreyer, Anjanette Biswell, and the City of Quincy, Illinois's (collectively Quincy Defendants) Motion to Compel Plaintiff to Appear for Continued Deposition (d/e 61) (Motion 61) and Defendants Gary Farha, Coroner James Keller, and Adams County, Illinois'

(Collectively Adams County Defendants) Motion to Compel Plaintiff to Appear for Continued Deposition (d/e 62) (collectively Motions). The Defendants deposed Plaintiff Curtis Lovelace for slightly more than seven hours. The Defendants ask the Court to compel Curtis Lovelace to appear and be deposed for an additional three hours. For the reasons set forth below, the Motions are ALLOWED.

## BACKGROUND

On February 14, 2006, Plaintiff Curtis Lovelace's wife Cory died at their home in Quincy, Illinois. At that time, Curtis and Cory had four children, a daughter Lyndsay, and three sons Logan and Lincoln, and Larson. On August 27, 2014, Curtis Lovelace was arrested and charged with murdering Cory in 2006. Curtis was tried twice for the alleged murder. The first trial resulted in a hung jury in 2016 and the second trial resulted in an acquittal in 2017. During this time, Curtis was held in jail for 21 months before the first trial, and was placed on home confinement for nine months between the two trials. The Plaintiffs allege,

> This experience almost destroyed [Curtis Lovelace's] family. It did destroy his personal finances, his law practice, and his reputation in the town he was born in, had lived in almost his entire life, and had served as a public official in various capacities. Curt and his family were ostracized from Quincy, and after his acquittal, Curt and his family had to leave town. Curt must start his life over as a 48-year-old man.

Complaint (d/e 1) ¶ 3.  The Plaintiffs allege that the Defendants conspired to subject Curtis Lovelace to this ordeal in violation of his Constitutional rights.  See Complaint, ¶¶ 1-6.  The Plaintiffs also bring Monell claims for municipal liability against the City of Quincy, Illinois (Quincy) and Adams County, Illinois (Adams County) in these Counts.  See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 693-95 (1978).

The Plaintiffs also allege that the Defendants violated the rights of his three sons Logan, Lincoln, and Larson Lovelace by illegally detaining them after their father's arrest in 2014 by detaining them wrongfully and wrongfully attempting to coerce them into providing false testimony against their father.  Complaint, ¶¶ 39-43.

The Plaintiffs also allege state law claims for intentional infliction of emotional distress, malicious prosecution, civil conspiracy, respondeat superior, and indemnification.  Complaint, ¶¶ 7-11.

On June 6, 2018, the Defendants deposed Curtis Lovelace.  The deposition covered all aspects of Curtis Lovelace's life.  Curtis Lovelace was quite loquacious and gave extensive answers to many questions.  The attorney for the Quincy Defendants asked from 9:24 a.m. until 2:52 p.m.  At that time, he stopped to allow the attorney for the Adams County

Defendants to ask questions.  The attorney for the Quincy Defendants stated that he was not finished with his questions.  The defense attorneys noted that Curtis Lovelace's long answers had taken a significant amount of time, although they did not believe he was trying to stall or just use up the available time.  Both defense attorneys stated that they would not finish in seven hours.  The defense attorneys suggested completing a full seven hours of questioning at that time and then resuming the deposition at a later date.  Curtis Lovelace and his counsel would not agree at that point. Motion 61, Exhibit A, Deposition of Curtis Lovelace (Lovelace Deposition), at 205-06.  Curtis Lovelace later agreed to stay late that evening to answer additional questions, but would not agree to resume the deposition at a later day.  Lovelace Deposition, at 284-90.

At 5:31 p.m., the Defendants' attorneys announced that they could continue the questioning that evening.  The court reporter, however, informed them that she could not stay late and was too fatigued to continue.  Curtis Lovelace would not agree to resume the deposition at a later date.  The Defense attorneys stated that they would seek an order from the Court to require him to attend.  Lovelace Deposition, at 320-23. The deposition then ended and the Defendants filed the Motions.

Whether to grant additional discovery is within the discretion of the Court. Innomed Labs, LLC v. Alza Corp., 211 F.R.D. 237, 239 (S.D. N.Y. 2002). Unless the Court orders otherwise, witnesses, including the parties, sit for a single deposition lasting seven hours. Fed. R. Civ. P. 30(a)(2) and (d)(1). In considering a motion for a second deposition, this Court should consider whether: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(ii). Rule 26(b)(1) states that parties may obtain discovery of non-privileged material that is relevant to the claim and proportional to the needs of the case. The Defendants must demonstrate a need for the additional hours of deposition testimony from Curtis Lovelace. Rule 26(b)(2)(C). See Innomed Labs, LLC, 211 F.R.D. at 239.

The Court has carefully reviewed the transcript of Curtis Lovelace's deposition in light of the allegations in the Complaint. The Court finds that the request for additional deposition testimony is proportional to the needs

of the case and is likely to produce relevant evidence or information that would lead to relevant evidence. The Court further finds that the additional deposition testimony would not be cumulative or duplicative and that it could not be reasonably obtained from another source or through other means. The Court further finds that the Defendants did not have sufficient opportunity to complete their questioning of Curtis Lovelace.

Lovelace has sued seven individuals and two municipalities alleging a vast conspiracy to violate his constitutional rights. He has alleged that the Defendants "almost destroyed his family," and "did destroy his personal finances, his law practice, and his reputation in the town he was born in, had lived in almost his entire life, and had served as a public official in various capacities." Curtis Lovelace, thereby, put at issue virtually his entire personal and professional life. These defendants are entitled to discover information about all of these aspects of the allegations against them. The Defendants' attorneys were methodically questioning him about his entire personal and professional life. Gathering information over so many aspects of a person's life takes time. The defense attorneys did not finish in the seven hours allotted. Seven hours proved not to be enough time. Considering the significance of the charges levied by the Plaintiffs,

the Defendants should be allowed the opportunity to complete the examination.

The Court also finds that Curtis Lovelace's extended answers consumed much of the time, and so, did not allow the defense counsel time to finish. The Court finds that Curtis Lovelace was not trying to stall or "run out the clock." Rather, he provided extensive, thoughtful answers. Those answers, however, took time. The Court finds that Defendants are entitled to finish their questioning. The Court agrees that three hours is a reasonable amount of additional time under the circumstances.

THEREFORE, IT IS ORDERED that Defendants Adam Gibson, Robert Copely, John Summers, Dina Dreyer, Anjanette Biswell, and the City of Quincy, Illinois's Motion to Compel Plaintiff to Appear for Continued Deposition (d/e 61) and Defendants Gary Farha, Coroner James Keller, and Adams County, Illinois' Motion to Compel Plaintiff to Appear for Continued Deposition (d/e 62) are ALLOWED. Plaintiff Curtis Lovelace is ordered to make himself available for three additional hours of deposition questioning at a time and place agreed upon by the parties.

ENTER: August 13, 2018

<u>s/ *Tom Schanzle-Haskins*</u>
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE