UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS LOVELACE, LOGAN LOVELACE, LINCOLN LOVELACE & CHRISTINE LOVELACE ON BEHALF OF HER MINOR SON LARSON LOVELACE, <br><br>   Plaintiffs, <br> v. <br><br> DET. ADAM GIBSON, POLICE CHIEF ROBERT COPLEY, SGT. JOHN SUMMERS, LT. DINA DREYER, DET. ANJANETTE BISWELL, UNKNOWN QUINCY POLICE OFFICERS, GARY FARHA, CORONER JAMES KELLER, THE CITY OF QUINCY, AND COUNTY OF ADAMS, <br><br>   Defendants. | Case No. 17 CV 01201 <br><br> The Honorable Judge Colin S. Bruce <br><br> Magistrate Judge Eric I. Long |

**MOTION FOR RULE TO SHOW CAUSE AND ENFORCE SUBPOENA
AGAINST JAMES ELMORE AND JEFF PAGE**

NOW COME the Defendants, ADAM GIBSON; ROBERT COPLEY; JOHN SUMMERS; DINA DREYER; ANJANETTE BISWELL; and THE CITY OF QUINCY, (the "Quincy defendants") and move this Court to enter an order requiring James Elmore and Jeff Page to show cause as to why they should not be held in civil contempt of court for refusing to respond to a subpoena, state the following:

**INTRODUCTION**

On July 10, 2018, this Court entered an Order requiring Plaintiff Curtis Lovelace's former criminal defense attorneys, Jeff Page and James Elmore, to produce certain documents and other materials by July 31, 2018 to the Quincy defendants relative to the criminal prosecution of Curtis Lovelace. (Dkt. 60). On September 11, 2018, Jeff Page and James Elmore produced certain documents, but provided a generic list of allegedly privileged materials that

1

they would not disclose to the Quincy defendants. (See **Exhibit A**). Subsequently, both Jeff Page and James Elmore gave depositions in this current litigation.

Mr. Page testified that he would not produce the following: (1) trial counsel notes; (2) client notes; (3) interview notes of Dr. Scott Denton from November 2014; (4) correspondence between Bill Clutter, an investigator, and James Elmore and Jeff Page; (5) correspondence between James Elmore and Jeff Page and expert witnesses; (6) correspondence between the special prosecutor, Ed Parkinson, and James Elmore and Jeff Page; and (7) pre-trial discovery under Illinois Supreme Court Rule 415(c). (See **Exhibit B**, Deposition Transcript of Jeff Page). Similarly, James Elmore testified that he would not produce (1) his trial counsel notes; (2) client notes and interviews with witnesses; (3) correspondence between the investigator and trial counsel; (4) James Elmore and Jeff Page's letters to expert witnesses; (5) correspondence between James Elmore and Jeff Page and Curtis Lovelace's family; (6) expert witness information and research regarding expert witnesses; (7) correspondence between James Elmore and Jeff Page and expert witnesses; (8) correspondence between James Elmore and Jeff Page and Ed Parkinson; (9) the litigation file utilized for trial preparation; and (10) pre-trial discovery. (See **Exhibit C**, Deposition Transcript of James Elmore). Mr. Elmore also stated that "until I get something from Judge Schanzle-Haskins or Judge Bruce, we're not turning it over. (Exhibit C, 16:7-9).

Defendants now request that this Court enforce the subpoena issued to James Elmore and Jeff Page requiring the production of all documents withheld as stated above, and require James Elmore and Jeff Page to show cause as to why they should not be held in civil contempt of court for refusing to respond to a subpoena.

**ARGUMENT**

**A. PLAINTIFF CURTIS LOVELACE WAIVED ANY PROTECTION UNDER THE WORK PRODUCT AND ATTORNEY CLIENT PRIVILEGE**

In this case, James Elmore and Jeff Page, Curtis Lovelace's prior criminal defense attorneys, asserted the attorney client privilege and work product doctrine in their refusal to turn over responsive documents to a subpoena. The attorney client privilege and the work product doctrine can both be waived. *United States v. Brock,* 724 F.3d 817, 821 (7th Cir. 2013). Waiver of the privilege can occur either explicitly or by implication. *Lorenz v. Valley Forge Ins. Co.,* 815 F.2d 1095, 1098 (7th Cir. 1987). Waiver occurs by implication when a party takes a position in litigation that makes it unfair to protect that party's privileged communications. *Patrick v. City of Chicago,* 154 F.Supp.3d 705, 711 (N.D. Ill. 2015).

It is well established that the attorney-client privilege belongs to the client. *Sandra T.E. v. South Berwyn School District 100,* 600 F.3d 612, 618 (7th Cir. 2010). Furthermore, the attorney-client privilege can only be waived by the client. *Tillotson v. Boughner,* 350 F.2d 663 (7th Cir. 1965). While James Elmore and Jeff Page are not counsel of record in this civil rights litigation, Curtis Lovelace is a party to this lawsuit. Curtis Lovelace was the client of James Elmore and Jeff Page in his criminal trial. Curtis Lovelace is the only individual who can waive the attorney-client privilege. Curtis Lovelace waived the attorney-client privilege when he put any alleged privileged communications at issue when he filed this civil rights case.

In this current lawsuit, Plaintiffs allege in their Complaint that the Defendants "fabricated evidence" and "initiated criminal proceedings" knowing that Curtis Lovelace was innocent. (Dkt. 1, ¶ 8). Furthermore, Plaintiffs allege that the fabrication of the evidence was "concealed from Plaintiff Curtis Lovelace, as was other exculpatory and impeachment evidence." (Dkt. 1, ¶ 9). Further, Plaintiffs allege that the Defendants' "investigation" and "fabrication and

concealment of evidence" were all undertaken to the policies and widespread policies of the Adams County Coroner's Office, Adams County, and the City of Quincy.  (Dkt. 1, ¶ 10). Furthermore, Plaintiffs allege that during Curtis Lovelace's first trial, individual defendants "allowed this first trial to proceed to a conclusion without the disclosure of evidence that would have changed the outcome of Mr. Lovelace's first trial."  (Dkt. 1, ¶ 45).  They further state that "some of this evidence was subsequently revealed to him after the conclusion of his first trial." (Dkt. 1, ¶ 45).

Plaintiffs' Complaint clearly alleges that the Defendants failed to reveal exculpatory information pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963).  To prove a *Brady* violation, a plaintiff must prove the existence of the facts claimed to be suppressed, that the facts meet the standard of constitutional materiality, and that he and his attorney lacked knowledge of that evidence.  *Patrick v. City of Chicago,* 154 F.Supp.3d 705, 717 (N.D. Ill. 2015).  Therefore, all parties in litigation are entitled to obtain information and documents that either support or defend Plaintiffs' alleged *Brady* violation.

*Taylor v. City of Chicago,* 2015 WL 5611192 (N.D. Ill. 2015) is instructive.  In *Taylor,* the plaintiff filed suit against the City of Chicago for violation of his Fifth and Fourteenth Amendment Rights, in part by coercing him into making a false confession and by hiding exculpatory evidence proving his innocence in violation of *Brady v. Maryland.*  (*Id.* at *1). Specifically, plaintiff in *Taylor* made two *Brady* claims.  The first was that the defendant officers withheld evidence that the defendant officers had coerced him into confessing to murder.  The second was that the defendants failed to disclose they identified the plaintiff's cellmate in the lockup and that the officers learned that the plaintiff was in jail.  *Id.* at *3.  The defendants in *Taylor* filed a Motion to Compel seeking answers to deposition testimony that plaintiff refused to

answer and related documents that the plaintiff refused to turn over pursuant to attorney client and work product privileges.

The Court held that the plaintiff's *Brady* claim is based on whether or not his defense attorney knew about alleged abuse that the plaintiff suffered that led to his coerced statement. *Id.* at *4. The Court held that the Plaintiff had placed his conversations that he had with his attorney about the coerced confession at issue in the case. *Id.* Therefore, the plaintiff was required to testify and produce any documents relative to the alleged coerced confession. *Id.* Along the same lines, the plaintiff placed at issue in the case whether the defendant officers withheld their knowledge of an alibi witness. *Id.* at *6. The Court held that the attorney client privilege did not protect the plaintiff and his attorney from responding to deposition questioning or turning over any documents on that topic. *Id.* Further, as the Court in *Central States, Southeast and Southwest Area Pension Fund v. Transcon Lines,* 1990 WL 160012 (N.D. Ill. 1990) held, the very information that the attorney hopes to protect under the doctrine of attorney-client privilege is central to the issue before the court and therefore a party waives attorney-client privilege when the contents of the privileged communication are put at issue. As Curtis Lovelace alleged *Brady* violations against the Quincy defendants, he put any of his prior communications with counsel at issue in this case. Therefore, Jeff Page and James Elmore must produce all documents requested via subpoena and objected to as indicated in Exhibit A and, if they continue to refuse, be held in civil contempt.

### B. ELMORE AND PAGE WAIVED THEIR PRIVILEGE CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45 AND 26

Rule 45 requires a person commanded to produce documents by a subpoena to serve a written objection "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). The serving party may then move to compel

compliance with the subpoena. Id. R. 45(d)(2)(B)(i). Rule 45(e) specifies additional requirements when a person withholds subpoenaed material based on a claim of privilege or work-product protection, including a requirement that the person "expressly make the claim," Fed. R. Civ. P. 45(e)(2)(A)(i), and prepare a privilege log, see also id. R. 45(e)(2). An objection to a request for production of documents must be stated "with specificity," id. R. 34(b)(2)(B), and like Rule 45, Rule 26 obliges a party responding to discovery to claim a privilege expressly and prepare a privilege log.

Rules 45 and 26(b)(5) give a party or subpoenaed nonparty responding to discovery a choice: prepare an adequate privilege log or risk an order compelling disclosure of the allegedly privileged material. *Mosely v. City of Chicago*, 252 F.R.D. 445, 449 (N.D. Ill. 2008). Here, Elmore and Page did not prepare a privilege log whatsoever. The only response was a letter listing general objections and not clarifying what specific information is being withheld on the basis of work product or attorney client privilege. Therefore, any objection they made that the documents sought by the Quincy defendants are privileged is waived, and the documents must be disclosed in their entirety,

### C. COMMUNICATIONS WITH EXPERT WITNESSES ARE NOT PRIVILEGED

Both Elmore and Page contend that any documents regarding their communications with expert witnesses are privileged and thus not discoverable because it would be work product. Illinois courts strongly disfavor withholding relevant information in litigation. Therefore, the work product doctrine constitutes a narrow exception to a party's general duty to produce documents and other materials in discovery. The party asserting work product protection carries the burden of proof. *Lawndale Restoration Ltd. P'ship v. Acordia of Ill., Inc.*, 367 Ill. App. 3d 24, 32 (2006)

The underlying criminal case was prosecuted in the state of Illinois. Illinois Supreme Court Rule 201 allows that materials prepared by experts and communication between counsel and experts are freely discoverable. There have been multiple cases that indicate that communications with expert witnesses and expert work product are discoverable and not privileged. In *People v. Treece,* 159 Ill.App.3d 397, 412-13 (2d Dist 1987)), the court held that counsel's notes of tests conducted during the course of litigation to determine the time required to travel certain relevant routes were not protected under the work product doctrine. In *Monier v. Chamberlain,* 35 Ill.2d 351 (1966), the court held that verbatim witness statements taken by counsel were not protected by the work product doctrine.

A party can obtain through discovery the written reports of an opponent's testifying "controlled" expert witnesses (usually a retained expert) *Jackson ex rel. Jackson v. Reid*, 402 Ill. App. 3d 215, 233 (2010)). The work product doctrine generally does not prevent discovery of articles or documents the testifying expert reviewed or relied on, nor does it prevent discovery of research the expert conducted and discussed with the party's attorney *Jackson*, 402 Ill. App. 3d at 232-34). Conversations and communications counsel has with a retained expert are not subject to this privilege and are discoverable. Therefore, Elmore and Page must be required to produce all documents and communications that they had with any expert witness in Curtis Lovelace's state criminal trial.

### D. ELMORE AND PAGE MUST PRODUCE ANY PRE-TRIAL DISCOVERY

Elmore and Page rely on Illinois Supreme Court Rule 415(c) to contend that they do not have to produce any pre-trial discovery. Simply put, Supreme Court Rule 415(c) does not apply here. Rule 415 is a state rule governing criminal proceedings in the state trial court. Rule 415, specifically, regulates discovery in state criminal proceedings. Rule 415 has no applicability in

federal court. Even if Rule 415 is deemed to create a privilege, the pending lawsuit involves federal questions - whether or not defendants violated plaintiff's rights under 42 U.S.C. § 1983. In federal question cases, the general rule is that only federal privileges are applicable; state law privileges are not incorporated into federal common law. *EEOC v. Illinois Dept. of Employment Sec.*, 995 F.2d 106 (7th Cir. 1993).

Furthermore, counsel for Curtis Lovelace filed a Motion in his criminal trial, 14-CF-488, seeking an order allowing the parties to produce materials obtained through discovery under Illinois Supreme Court Rule 415(c) as part of this current federal civil rights lawsuit. Judge Hardwick, the presiding judge in Curtis Lovelace's criminal trial, granted an order on October 26, 2017, that all parties are to produce discovery material in their possession from the criminal trial in this federal civil rights lawsuit. (See **Exhibit D**, Order dated October 26, 2017). Elmore and Page have also refused to comply with Judge Hardwick's order. Therefore, Elmore and Page must disclose all pre-trial documents as indicated in the subpoena issued to them.

## CONCLUSION

Based on the arguments above, Jeff Page and James Elmore must comply with the subpoena issued to them and provide all documents in response including the following: (1) trial counsel notes; (2) client notes; (3) interview notes of expert Dr. Scott Denton; (4) correspondence between Elmore and Page and their investigator; (5) correspondence to expert witnesses; (6) correspondence between Elmore and Page and Curtis Lovelace's family; (7) expert witness information and research regarding expert witnesses; (8) correspondence to Curtis Lovelace; (9) correspondence with expert witnesses; (10) correspondence between Elmore and Page and the Special Prosecutor; (11) litigation folder used for trial preparation; and (12) pre-trial discovery.

WHEREFORE, the Quincy Defendants, ADAM GIBSON, ROBERT COPLEY, JOHN SUMMERS, DINA DREYER, ANJANETTE BISWELL, and THE CITY OF QUINCY, request the following relief:

(a) Enforce the subpoena issued to James Elmore and Jeff Page and require them to produce all documents responsive to the subpoena; and

(b) enter an order requiring James Elmore and Jeff Page to show cause as to why they should not be held in civil contempt of court.

Respectfully submitted,

/s/ *Thomas G. DiCianni*
One of the Attorneys for Defendants

Thomas G. DiCianni (ARDC #3127041)
Ellen K. Emery (ARDC # 6183693)
Justin DeLuca (ARDC #6308867)
tdicianni@ancelglink.com
eemery@ancelglink.com
jdeluca@ancelglink.com
ANCEL GLINK, P.C.
140 S. Dearborn Street, Suite 600
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2019, I electronically filed the foregoing **Quincy Defendants' Motion for Rule to Show Cause and Enforce Subpoena Against James Elmore and Jeff Page** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Jonathan Loevy<br>LOEVY & LOEVY<br>311 North Aberdeen St., 3rd Floor<br>Chicago, IL 60607<br>jon@loevy.com; tara@loevy.com | James L. Palmer<br>Scholz Loos Palmer Siebers & Duesterhaus<br>625 Vermont Street<br>Quincy, Illinois 62301<br>jpalmer@slpsd.com; smast@slpsd.com |
| James A. Hansen<br>Daniel M. McCleery<br>Schmiedeskamp Robertson Neu & Mitchell<br>525 Jersey Street<br>Quincy, Illinois 62301<br>jhansen@srnm.com; dmccleery@srnm.com | James Elmore<br>Elmore & Reid Law Office<br>808 S. 2nd St., 1st Floor<br>Springfield, IL 62704<br>elmoreandreid@sbcglobal.net |
| Jeffrey Page<br>Timoney & Page Law Office<br>808 S. 2nd St., 1st Floor<br>Springfield, IL 62704<br>jeffpagelawoffice@yahoo.com | |

/s/ Thomas G. DiCianni

4815-4784-7812, v. 1

10