# IN THE UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS LOVELACE, ) <br> LOGAN LOVELACE, LINCOLN ) <br> LOVELACE, & CHRISTINE LOVELACE ) <br> on behalf of her minor son LARSON ) <br> LOVELACE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> DET. ADAM GIBSON, POLICE CHIEF ) <br> ROBERT COPLEY, SGT. JOHN SUMMERS, ) <br> LT. DINA DREYER, DET. ANJANETTE ) <br> BISWELL, UNKNOWN QUINCY POLICE ) <br> OFFICERS, GARY FARHA, CORONER ) <br> JAMES KELLER, THE CITY OF QUINCY, ) <br> and COUNTY OF ADAMS ) <br> ) <br> Defendants. ) | 1:17-cv-01201-JES-JEH <br><br> JURY TRIAL DEMANDED <br><br> Judge Myerscough <br><br> Mag. Judge Long |

## PLAINTIFFS' RESPONSE TO THE DEFENDANTS' JOINT MEMORANDUM IN RESPONSE TO THE COURT'S VIDEO CONFERENCE OF MAY 13, 2019

Now come Plaintiffs, Curtis Lovelace, Logan Lovelace, Lincoln Lovelace, & Christine Lovelace on behalf of her minor son, Larson Lovelace, by and through their attorneys, LOEVY & LOEVY, and hereby respond to the Defendants' Joint Memorandum in Response to the Court's Video Conference of May 13, 2019 as follows:

1. Regarding the recent request by the Defendants to ask for reassignment to a new judge, Plaintiff respectfully disagrees that there is any justification to do so. Plaintiff's law firm (Loevy & Loevy) now employs nearly 50 attorneys, some of whose time is donated to the

Exoneration Project. For a law firm that size, it is inevitable that attorneys will have familial and other relationships with judges.

2. Recusal under those circumstances is hardly necessary. Lauren Myerscough-Mueller is not acting as a lawyer in this proceeding and in fact has been completely screened by Plaintiff's counsel from any matters in front of Judge Myerscough. *See* 28 U.S.C. § 455(b)(5). Numerous federal courts have held that a judge need not recuse itself simply because the judge's family member works at a firm that represents a party before the court. *See, e.g.*, *Matter of Billedeaux*, 972 F.2d 104, 106 (5th Cir. 1992) (no recusal warranted where judge's husband was partner at firm that represented party, because any interest was "so remote and speculative as to dispel any perception of impropriety"); *Nobelpharma AB v. Implant Innovations, Inc.*, 930 F. Supp. 1241, 1266-67 (N.D. Ill. 1996) (collecting cases and holding that judge's daughter was a non-equity partner at defendants' counsel's firm did not warrant recusal where daughter "performed no work on the case and did not represent [party] in any legal matter"); *Oriental Fin. Group, Inc. v. Fed. Ins. Co.*, 450 F. Supp.2d 169, 171 (D. Puerto Rico 2006) (that judge's father worked at firm that represented plaintiff did not warrant recusal because "the undersigned's father is in a position akin to that of a son or daughter of the undersigned who would happen to work at [the firm] in a non-equity position").

3. It is true that this Court should disqualify itself from any proceeding "in which h[er] impartiality might reasonably be questioned" as well as any proceeding "where [s]he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455 (a) and (b)(1). However, "the disqualification of a judge for actual bias or prejudice is a serious matter, and it should be required only when the bias or prejudice is proved by compelling evidence." *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985), *overruled by Fowler v. Butts*, 829 F.3d 788 (7th

Cir. 2016). "Trivial risks are endemic, and if they were enough to require disqualification we would have a system of preemptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons. . . . Thus the search is for a risk substantially out of the ordinary." *In re Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990). *See also In re Maurice*, 167 B.R. 114, 121 (Bankr. N.D. Ill. 1994), *as amended* (Mar. 31, 1994), *subsequently aff'd sub nom. Matter of Maurice*, 69 F.3d 830 (7th Cir. 1995) ("A judge is not disqualified under section 455 merely because a litigant has transformed his fear of an adverse decision into a fear that the judge will not be impartial.") (internal citations omitted).

4. Plaintiff's counsel has already communicated to the Court and to the Defendants that Ms. Myerscough-Mueller has been completely walled off from this litigation, and will have absolutely no contact with it. Defendants' submission does not provide any rationale for why recusal is necessary or appropriate under the circumstances. This Court previously made substantive rulings in this case in denying Defendants' motions to dismiss, and the case has already been assigned in the interim to another judge in this District for scheduling reasons. This case should remain with this Court.

WHEREFORE, for the foregoing reasons, the parties respectfully request that this Court consider whether its recusal is warranted from this matter.

Respectfully submitted,

/s/ Tara Thompson
*One of Plaintiffs' Attorneys*
Jon Loevy
Tara Thompson
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

      I, Tara Thompson, an attorney, hereby certify that on May 17, 2019, I filed the foregoing via the Court's CM/ECF system and thereby served a copy on all counsel of record.

                                                                          /s/ Tara Thompson