UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS LOVELACE, LOGAN LOVELACE, LINCOLN LOVELACE & CHRISTINE LOVELACE ON BEHALF OF HER MINOR SON LARSON LOVELACE,<br><br>Plaintiffs,<br>v.<br><br>DET. ADAM GIBSON, POLICE CHIEF ROBERT COPLEY, SGT. JOHN SUMMERS, LT. DINA DREYER, DET. ANJANETTE BISWELL, UNKNOWN QUINCY POLICE OFFICERS, GARY FARHA, CORONER JAMES KELLER, THE CITY OF QUINCY, AND COUNTY OF ADAMS,<br><br>Defendants. | Case No. 17 CV 01201<br><br>The Honorable Judge Sue Myerscough |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
RESPONSE TO DEFENDANTS' JOINT MEMORANDUM
IN RESPONSE TO THE COURT'S VIDEO CONFERENCE ON MAY 13, 2019**

NOW COME Det. Adam Gibson, Police Chief Robert Copley, Sgt. John Summers, Lt. Dina Dreyer, Det. Anjanette Biswell, and the City of Quincy (hereinafter "the Quincy Defendants"), by and through their attorneys, Thomas G. DiCianni and Ellen K. Emery of the law firm of Ancel Glink, P.C., and for their Motion to Strike Plaintiffs' Response to Defendants' Joint Memorandum in Response to the Court's Video Conference on May 13, 2019, state as follows:

1. On May 13, 2019, this Court conducted a video conference status call with the attorneys for the parties. During that status call, this Court discussed, and made the parties aware, of her daughter's employment with the Exoneration Project which works with the law firm of Loevy & Loevy (Plaintiffs' counsel in this case) on many matters, the work that she does, and the

1

people with whom she works. This Court also disclosed she attended events where plaintiff Curtis Lovelace's case was discussed and where he was in attendance. The Court wanted to make the parties aware of any possible conflicts or appearances of such regarding the facts and details outlined and discussed during that conference.

2. During this video conference call, the Court allowed defendants to submit, within 48 hours, and after consultation with their clients, a written memorandum to advise the Court of their position on the Court's disclosures.

3. The defendants followed the Court's direction and filed a short, limited response, doing nothing more than advising the Court that, in light of the situation, they request a recusal and reassignment of the case. Defendants did not address, argue, or raise any standards or bases for recusal, but merely followed the Court's direction and expressed their clients' positions.

4. At no point during the video conference did this Court allow or order the plaintiffs to file any position on the Court's disclosure, or to comment on the defendants' position. Nevertheless, the plaintiffs filed a response to the defendants' position statement, addressing standards for recusal, facts which they contend suggest recusal is not warranted, case law they contend supports their position, and a full argument against recusal.

5. Defendants anticipated that if the Court wanted full advocacy on the issues from the parties, the Court would have entered a briefing schedule. The purpose of the video conference call, as defendants perceived it, was solely to apprise the parties of the situation, and to discover the defendants' position on it. As a result, the defendants apprised the Court of their position, without offering argument for their position. Because Plaintiff's Response to Defendants' Joint Memorandum in Response to the Court's Video Conference of May 13, 2019 was not allowed by

the Court, was not anticipated by the defendants, and attempts to preempt the Court's consideration of the defendants' position, it should be stricken.

                                        Respectfully submitted,

                                        /s/ Thomas G. DiCianni
                                        THOMAS G. DICIANNI / ARDC# 3127041
                                        One of the attorneys for Defendants
                                        Adam Gibson, Robert Copley, John Summers,
                                        Dina Dreyer, Anjanette Biswell and
                                        the City of Quincy

Thomas G. DiCianni (ARDC #3127041)
Ellen K. Emery (ARDC # 6183693)
Justin DeLuca (ARDC #6308867)
Ancel Glink, PC
Attorneys for Quincy Defendants
312 782-7606/Fax: 312 782-0943
tdicianni@ancelglink.com
eemery@ancelglink.com
jdeluca@ancelglink.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 17, 2019**, I electronically filed the foregoing **DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MEMORANDUM IN RESPONSE TO COURT'S VIDEO CONFERENCE OF MAY 13, 2019** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Jonathan Loevy | jon@loevy.com |
| Tara Thompson | tara@loevy.com |
| James L. Palmer | jpalmer@slpsd.com; smast@slpsd.com |
| James Hansen | jhansen@srnm.com |
| Daniel M. McCleery | dmccleery@srnm.com |

/s/  Thomas G. DiCianni
THOMAS G. DICIANNI (ARDC # 3127041)
ANCEL GLINK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
Telephone:   (312) 782-7606
Facsimile:   (312) 782-0943
E-Mail:   tdicianni@ancelglink.com