**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| CURTIS LOVELACE, LOGAN LOVELACE, LINCOLN LOVELACE & CHRISTINE LOVELACE ON BEHALF OF HER MINOR SON LARSON LOVELACE, <br><br> Plaintiffs, <br> v. <br><br> DET. ADAM GIBSON, POLICE CHIEF ROBERT COPLEY, SGT. JOHN SUMMERS, LT. DINA DREYER, DET. ANJANETTE BISWELL, UNKNOWN QUINCY POLICE OFFICERS, GARY FARHA, CORONER JAMES KELLER, THE CITY OF QUINCY, AND COUNTY OF ADAMS, <br><br> Defendants. | Case No. 17 CV 01201 <br><br> The Honorable Judge Sue Myerscough |

## DEFENDANTS' JOINT MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION SEEKING RECUSAL

### FACTS

On May 13, 2019, this Court conducted a video conference status call with the attorneys for the parties. During that status call, this Court discussed, and made the parties aware, her daughter, Lauren Myerscough-Mueller, was recently hired by the Exoneration Project of the University of Chicago. (See page 4 of the transcript of the May 13, 2019 status call attached hereto and incorporated herein as Exhibit A). Her daughter's first day of work was May 6, 2019. (See page 7 of Exhibit A). This Court also disclosed the fact she attended a dinner for the Illinois Innocence Project, where the Plaintiff was one of the honored exonerees. (See page 5 of Exhibit A).

At the end of the status call the Court requested the Defendants confer with their respective clients and file a brief written position. Following that status call, the undersigned attorneys for all

1

Defendants conferred with their respective clients and related all of the items discussed during that conference call with the Court. After the respective discussions of counsel with their Defendants, it was the unanimous opinion of each of the Defendants individually, and all of them collectively, that they respectfully request this Court recuse herself from this case and send it back to the Chief Judge for reassignment.

After the Defendants filed a written request for recusal, the Plaintiffs filed a legal memorandum arguing recusal was not necessary. The Defendants immediately filed a Motion to Strike, as the Plaintiffs addressed the standards for recusal in full argument. Defendants asserted that if the Court had wanted full advocacy on the issues, the Court would have entered a briefing schedule. On May 21, 2019, the Court denied the Defendants' Motion to Strike, based on mootness, in that the Court entered a text order asking the Defendants to file a Motion Seeking Recusal on or before June 3, 2019, and allowed the Plaintiff until June 17, 2019 to respond.

**ARGUMENT**

**I. This Court should recuse herself because an objective person could reasonably question the Court's impartiality when: (1) her daughter was recently hired by the Exoneration Project, which is run, in part, by Plaintiff's counsel and (2) this Court attended, honored and celebrated the Plaintiff's "exoneration" at the Defenders of Innocence dinner held in Springfield, Illinois on March 30, 2019.**

**A. An appearance of partiality exists when the Judge's daughter works directly with Plaintiff's counsel**

Section 455(a) of the Code of Judicial Conduct requires a judge to recuse herself when her impartiality can reasonably be questioned—*even if she does not have actual personal bias or prejudice*. Section 455(a) imposes a "reasonable person" test for recusal. *Liteky v. United States*, 510 U.S. 540, 541 (1994) (quoting 28 U.S.C. § 455(a)). "In evaluating whether a judge's impartiality might reasonably be questioned, [the] inquiry is 'from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances.' " *In re Sherwin-Williams*

*Co.*, 607 F.3d 474, 477 (7th Cir. 2010) (emphasis in original) (quoting *Cheney v. United States Dist. Court*, 541 U.S. 913, 924 (2004)). Section 455(a) does not require bias or prejudice, but merely a showing where impartiality might reasonably be questioned. Section 455(a) requires judges to *avoid the appearance of impartiality*, which does not necessarily depend on the particular issues on which a decision turns. *Weddington v. Zatecky*, 721 F.3d 456 (7th Cir. 2013).

The Seventh Circuit Court ruled that when a member of the judge's family (judge's brother) worked with the lawyers involved in the case, the appearance of partiality existed. In *SCA Services, Inc. v. Morgan*, the "appearance of partiality begins with the natural assumption that brothers enjoy a close personal and family relationship and, consequently, would be inclined to support each other's interests. When one brother is a lawyer in the firm representing a party before his brother who is the judge in the case, the belief may arise in the public's mind that the brother's firm and its clients will receive favored treatment, even if the brother does not personally appear in the case." *SCA Services, Inc. v. Morgan*, 557 F.2d 110, 116 (7th Cir. 1977).

Here, an appearance of partiality exists when the Judge's daughter works directly with Plaintiff's counsel. The Exoneration Project is in essence a student legal clinic at the University of Chicago law school. The mission is to represent "men and women who claim to be, and we believe to be, innocent of the crimes for which they stand convicted." (See Exoneration Project website for Project Goals). The legal clinic has only five clinical teachers (six including the Court's daughter), two of which are Jon Loevy and Tara Thompson. Jon Loevy and Tara Thompson are lead counsel for the Plaintiffs. Lauren Myerscough-Mueller, as an additional hired clinical teacher (staff attorney) could be working very closely with Mr. Loevy and Ms. Thompson. Ms. Thompson admitted that she would be working directly with the Court's daughter and that they would "be working on cases together." (See page 4 of Exhibit A).

This is not a situation where Ms. Myerscough-Mueller worked for the Exoneration Project over the life of this lawsuit. Instead, shortly after the case was reassigned to this Court (April 16, 2019), the Judge's daughter "luckily" started her first day of employment with the Exoneration Project on May 6, 2019. (See pages 4 and 7 of Exhibit A).

Unlike the cases cited by Plaintiffs in their Memorandum in Response (Doc. #80), the Exoneration Project is not a stereotypical law firm. Practically, we are talking about a small group of lawyers working to exonerate individuals they believe to be wrongfully convicted. The entire basis of the Plaintiff's case is that he was wrongfully accused, arrested and tried. It is not as if the Court's daughter was a trust and estates lawyer working in a law firm of 200 people, where the same firm represented a civil litigant. The facts here are quite different. Simply, the Court's daughter is working in tandem with Plaintiff's counsel on behalf of individuals they believe are innocent of the crimes for which they have been charged, including individuals like Curtis Lovelace.

Plaintiffs state in their Memorandum in Response that they have "walled off" the Court's daughter from this case. Plaintiffs miss the point. The concern to the legal system is not that improper communications would take place, or that information about the case would be shared through the Court's daughter. The appearance of partiality is not mitigated by walling off the Court's daughter from the case. Certainly the Court is and should be proud of her daughter's work. Like in *SCA Services*, the appearance of partiality begins with the natural assumption that a mother enjoys a close relationship with her daughter and they would be inclined to support each other's interests. When two lawyers, who work directly with this Court's daughter, represent the Plaintiffs, a belief arises that those two lawyers and their clients will receive favored treatment, even if Ms. Myerscough-Mueller does not appear in this case or is "walled off" from it. . Also, considering the

Exoneration Project's mission mirrors the entire basis of the Plaintiffs' lawsuit, an objective person could reasonably conclude this Court's very close connection, through her daughter, to the Plaintiff's counsel creates an appearance of partiality.

**B. An appearance of partiality exists when this Court attended, honored and celebrated the Plaintiff's "exoneration" at the Defenders of Innocence dinner.**

In a civil rights action, the trial judge disqualified himself under § 455(a) where it was possible that his impartiality might reasonably be questioned due to involvement in action by a civil rights organization of which the judge's former law firm was a party. *Hampton v. Hanrahan,* 499 F. Supp. 640 (N.D. Ill. 1980). In *Hampton*, Judge Shadur recused himself when even though he believed he could be fair and impartial; there was an appearance of impartiality. "Section 455(a) is the judicial counterpart of Canon 9 of the lawyers' Code of Professional Responsibility ("A lawyer should avoid even the appearance of professional impropriety"). Though I am morally certain that I would in fact be impartial in this proceeding, that is not the standard; the test is rather whether my impartiality "might reasonably be questioned." *Hampton v. Hanrahan*, 499 F. Supp. 640, 645 (N.D. Ill. 1980). The Court concluded, "that the State Defendants' motion is well grounded in law because it is possible that my "impartiality might reasonably be questioned." *Hampton* at 645.

In conjunction with this Court's connection to the Exoneration Project, this Court went to the Illinois Innocence Project's annual Defenders of Innocence dinner where the Plaintiff was honored. The Illinois Innocence Project is another organization "dedicated to freeing innocent men and women imprisoned in Illinois for crimes they did not commit." (See Illinois Innocence Project website mission statement). Over thirty exonerees were honored and given a standing ovation in celebration of their innocence. (See Illinois Innocence Project website). The Plaintiff, Curtis

Lovelace was applauded and celebrated for being exonerated and appeared on stage in front of the event attendees, including this Court.

Importantly, this is not a court mandated event. Individuals participate in these events voluntarily. It can be said that because of this Court's support and participation of such event, specifically when the Plaintiff is an honored exoneree and her daughter works for the Exoneration Project, an objective person could reasonably question her impartiality.

The concept of implicit bias has been recognized as a concern in our civil and criminal justice systems, such that the Illinois Supreme Court has recently adopted Illinois Pattern Instruction 1.08, which cautions a jury about it. An objective person could easily be concerned about the bias which could result from the family relationship that exists here. That concern of an objective observer would be heightened here, where the plaintiffs are fighting to prevent the recusal. Plaintiffs moved for recusal from one sitting federal judge in this case, without opposition from the defendants. That they now resist recusal under the tenuous circumstances here would clearly give an objective person, and should give this court, cause for concern.

## CONCLUSION

In sum, the circumstances of the Court's connection to the Exoneration Project through her daughter, the Court's attendance and support of an Innocence Project where the Plaintiff was celebrated as an exoneree, considering the importance to each litigant of the outcome of this case, makes it reasonable for a member of the public or party or counsel opposed to question impartiality under Section 455(a).

Respectfully submitted,


                                           /s/ Thomas G. DiCianni
                                          THOMAS G. DiCIANNI / ARDC# 03127041
                                          One of the attorneys for Defendants
                                          Adam Gibson, Robert Copley, John Summers,
                                          Dina Dreyer, Anjanette Biswell and
                                          the City of Quincy



Thomas G. DiCianni (ARDC #3127041)
Ellen K. Emery (ARDC # 6183693)
Justin DeLuca (ARDC #6308867)
Ancel Glink, PC
Attorneys for Quincy Defendants
312 782-7606/Fax: 312 782-0943
tdicianni@ancelglink.com
eemery@ancelglink.com
jdeluca@ancelglink.com



                                          /s/James A. Hansen
                                          JAMES A. HANSEN / ARDC# 6244534
                                          One of the attorneys for Defendants
                                          Gary Farha, James Keller, and County of Adams

James A. Hansen (ARDC #6244534)
Daniel M. McCleery (ARDC #6321087)
Schmiedeskamp, Robertson, Neu & Mitchell LLP
Attorneys for Adams County Defendants
525 Jersey
Quincy, IL 62301
217 223-3030/Fax: 217 223-1005
jhansen@srnm.com
dmccleery@srnm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **June 3, 2019**, I electronically filed the foregoing **DEFENDANTS' JOINT MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION SEEKING RECUSAL** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Jonathan Loevy | jon@loevy.com |
| Tara Thompson | tara@loevy.com |
| James L. Palmer | jpalmer@slpsd.com; smast@slpsd.com |

/s/ Thomas G. DiCianni
THOMAS G. DiCIANNI / ARDC# 03127041
ANCEL, GLINK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
Telephone: (312) 782-7606
Facsimile: (312) 782-0943
E-Mail: tdicianni@ancelglink.com