# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Curtis Lovelace, Logan Lovelace, Lincoln Lovelace & Christine Lovelace on behalf of her minor son Larson Lovelace, <br><br>          Plaintiffs, <br>   v. <br><br> Det. Adam Gibson, Police Chief Robert Copley, Sgt. John Summers, Lt. Dina Dreyer, Det. Anjanette Biswell, Unknown Quincy Police Officers, Gary Farha, Coroner James Keller, <br> The City of Quincy, and County of Adams, <br><br>          Defendants. | Case No. 17 CV 01201 <br><br> The Honorable Judge Sue E. Myerscough <br><br> Magistrate <br> Hon. Judge Eric J. Long |

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Curtis Lovelace, Logan Lovelace, Lincoln Lovelace & Christine Lovelace on behalf of her minor son Larson Lovelace,<br><br>    Plaintiffs,<br>    v.<br><br>Det. Adam Gibson, Police Chief Robert Copley, Sgt. John Summers, Lt. Dina Dreyer, Det. Anjanette Biswell, Unknown Quincy Police Officers, Gary Farha, Coroner James Keller, The City of Quincy, and County of Adams,<br><br>    Defendants. | Case No. 17 CV 01201<br><br>The Honorable Judge Sue E. Myerscough<br><br>Magistrate<br>Hon. Judge Thomas Schanzle-Haskins |

### JOINT REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR RECUSAL

NOW COME Det. Adam Gibson, Police Chief Robert Copley, Sgt. John Summers, Lt. Dina Dreyer, Det. Anjanette Biswell, and the City of Quincy (hereinafter "the Quincy Defendants"), by and through their attorneys, Ancel Glink, P.C., and Gary Farha, James Keller, and the County of Adams (hereinafter "the Adams County Defendants"), by and through their attorneys, Schmiedeskamp, Robertson, Neu & Mitchel LLP, and for their Joint Motion for Leave to File Reply Instanter, state as follows:

1. Plaintiffs' miss, or choose to ignore, the basis for Defendants' Motion for Recusal. The background of the hiring of this Court's daughter by the Exoneration Project is irrelevant. The fact that The Exoneration Project "receives its funding from Loevy & Loevy" (Plaintiffs' counsel in this case), and "is staffed by lawyers who also work for Loevy & Loevy" is very relevant. (Plaintiffs' Response, par. 6). Ms. Myerscough-Mueller is now one of only ten (10) attorneys who work with the project, and Plaintiff's attorneys in this case are another two of

1

those attorneys who work with The Exoneration Project. Despite Plaintiffs' contentions that Ms. Myerscough-Mueller has been "walled off" from this case, the small staffing of The Exoneration Project, its ties to this case, as well as the familial relationship between Ms. Myerscough-Mueller and this Court, all lends itself to a question of whether impartiality can, especially inadvertently, be compromised.

2.  Plaintiffs' go so far as to accuse Defendants as perhaps seeing this "an as opportunity to engage in judge-shopping …". (Pl's Response, par. 3). Plaintiffs' spend time arguing this Court had the case years ago and made some rulings, did not have it when her daughter was hired, and that somehow this means that due to the recusal sought by the Defendants now, it is an effort to smear someone's name or judge shop. Ironic, coming from the same side that filed a motion to recuse Judge Bruce (who by the way recused himself immediately with no briefing of the issue taking place). And yet they vehemently oppose Defendants' Motion for Recusal without ever once addressing the key issue. As succinctly stated by Judge Joe Billy McDade in *J.L. Houston v. Kallis,* 2018 WL 2724049, "under §455(a), all a party has to show is that a judge's impartiality *might* by questioned by a reasonable, well-informed observer." *See United States v. Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998)." It was Judge McDade's emphasis on the word "*might*" indicating that a judge's ability to be impartial need not be shown, but that it *might* even be *questioned.*

3.  The test for appearance of partiality is whether an objective, disinterested observer fully informed of the reasons that recusal was sought would entertain a significant doubt that justice would be done in the case. *Pepsico, Inc. v. McMillen,* 764 F.2d 458, 460 (7th Cir. 1985). The Seventh Circuit realizes that there is inherent difficulty in applying this standard

2

as a judge is "both its interpreter and its object." *SCA Servs. v. Morgan*, 557 F.2d 110, 116 (7th Cir. 1977).

4. As Judge McDade stated in *J.L. Houston,* supra, recusal of a judge under §455(a) is broader than just the situations outlined in §455(b) because "affiliations that pose risks similar to those identified in §455(b) may call for disqualification under §455(a)." *Hatcher*, supra, at 637, citing *In re Nat'l Union Fire Ins. Co.,* 839 F.2d 1226, 1229 (7th Cir., 1988). Where the *appearance* of impartiality is compromised, recusal is necessary – even if it is only through an affiliation. Otherwise, "drawing all inferences favorable to the honesty and care of the judge whose conduct has been questioned could collapse the appearance of impropriety standard under §455(a) into a demand for proof of actual impropriety." *In re Mason*, 916 F.2d 284, 286 (7th Cir. 1990).

5. Here, there is no doubt that this Court should be proud of her daughter's new employment with the Exoneration Project, and support her to be successful in that venture. However, working with the two attorneys who are members of the firm (including the founding member) which funds the project, and staffs, it hits too close to home to get past the request of the Defendants themselves, through their attorneys, for this Court to recuse itself. Those Defendants, having been made fully aware of the situation, and understanding that this Court is a fine presiding judge in other matters, still entertain a significant doubt that justice can objectively be done in this case.

6. Accordingly, each of the Defendants individually, and all of them collectively, again request that this Court grant their Motion Seeking Recusal.

Respectfully submitted,

/s/ Ellen K. Emery
ELLEN K. EMERY / ARDC# 6183693
One of the attorneys for Defendants
Adam Gibson, Robert Copley, John Summers,
Dina Dreyer, Anjanette Biswell and
the City of Quincy

Thomas G. DiCianni (ARDC #3127041)
Ellen K. Emery (ARDC # 6183693)
Justin DeLuca (ARDC #6308867)
Attorneys for Quincy Defendants
312 782-7606/Fax: 312 782-0943
tdicianni@ancelglink.com
eemery@ancelglink.com
jdeluca@ancelglink.com

/s/James A. Hansen
JAMES A. HANSEN / ARDC# 6244534
One of the attorneys for Defendants
Gary Farha, James Keller, and County of Adams

James A. Hansen (ARDC #6244534)
Daniel M. McCleery (ARDC #6321087)
Schmiedeskamp, Robertson, Neu & Mitchell LLP
Attorneys for Adams County Defendants
525 Jersey
Quincy, IL 62301
217 223-3030/Fax: 217 223-1005
jhansen@srnm.com
dmccleery@srnm.com