IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CURTIS LOVELACE, LOGAN LOVELACE, LINCOLN LOVELACE, and CHRISTINA LOVELACE, on behalf of her minor son, LARSON LOVELACE, <br><br> Plaintiffs, <br><br> v. <br><br> ADAM GIBSON, ROBERT COPLEY, JOHN SUMMERS, DINA DREYER, ANJANETTE BISWELL, UNKNOWN QUINCY POLICE OFFICERS, GARY FARHA, JAMES KELLER, THE CITY OF QUINCY, and THE COUNTY OF ADAMS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 17-cv-1201 |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Adams County and City of Quincy Defendants' Joint Motion Seeking Recusal (d/e 83). Upon review of the Motion, Plaintiffs' response, and the relevant law, the Motion is DENIED.

## I. BACKGROUND

On May 13, 2019, this Court held a Video Status Conference at which the Court disclosed that her daughter—who had been employed by the Illinois Innocence Project at the University of Illinois—was recently hired by the Exoneration Project at the University of Chicago.  The Court disclosed that she looked at the Exoneration Project's website and noted that one of Plaintiffs' attorneys, Tara Elizabeth Thompson of Loevy & Loevy, was listed on the Exoneration Project's website.  At the hearing, Ms. Thompson advised the Court that Loevy & Loevy donates a substantial amount of her time to the Exoneration Project, that she works with the Court's daughter at the Exoneration Project, but that she does not supervise the Court's daughter.

The Court also disclosed that she was recently at the Illinois Innocence Project dinner, which recognized many exonerees, including Plaintiff Curtis Lovelace.  The Court disclosed that the case generated a fair amount of publicity.  A number of lawyers have discussed Mr. Lovelace's situation—not in detail—but that the case was one of interest with the lawyers in the Central District of Illinois.

The Court disclosed that she had many cases with the City of Quincy and the County of Adams. James A. Hanson, counsel for Defendants Gary Farha, James Keller, and the County of Adams have been on quite a few cases before the Court during the Court's career.

On June 3, 2019, Defendants filed a Joint Motion Seeking Recusal. Defendants request, pursuant to 28 U.S.C. § 455(a), that the undersigned judge recuse herself from further participation in this case because (1) her daughter was recently hired by the Exoneration Project, which Defendants claim is run, in part, by Plaintiffs' counsel and (2) she attended, honored, and celebrated Plaintiff Curtis Lovelace's "exoneration" at the Illinois Innocence Project's Defenders of the Innocent dinner held in Springfield, Illinois on March 30, 2019. Defs.' Mem. at 2 (d/e 84). Defendants assert that the small staffing at the Exoneration Project as well as the familial relationship between the Court and her daughter "all lends itself to a question of whether impartiality can, especially inadvertently, be compromised." Defs.' Reply at 2 (d/e 87).

Plaintiffs oppose the motion. Plaintiffs respond that the Exoneration Project is an entity affiliated with the Arthur Kane

Center for Clinical Legal Education at the University of Chicago Law School. The Exoneration Project receives its funding from Loevy & Loevy and is staffed by lawyers who also work for Loevy & Loevy. Loevy & Loevy has nearly 50 attorneys, some of whose time is donated to the Exoneration Project.

The Exoneration Project hired the Court's daughter as a staff attorney. She does not work with students and is not a clinical instructor. She is one of 10 attorneys who work with the Exoneration Project. In her work with the Exoneration Project, the Court's daughter works with Mr. Loevy and Ms. Thompson, Plaintiffs' counsel in this matter, on a few cases. The Court's daughter is not acting as a lawyer in this proceeding. The Court's daughter is completely screened from involvement in any cases in which the Court presides. Loevy & Loevy has disclosed in other cases that the Court's daughter does not work on Loevy & Loevy cases.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

questioned." The purpose of § 455(a) is to "promote public confidence in the integrity of the judicial process." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988).

The test for recusal under § 455(a) asks whether "an objective, disinterested observer fully informed of the reasons that recusal was sought would entertain a significant doubt that justice would be done in the case." United States v. Herrera-Valdez, 826 F.3d 912, 917 (7th Cir. 2016). The inquiry is an objective one. Matter of Hatcher, 150 F.3d 631, 637 (7th Cir. 1998). Section 455 is self-executing, meaning a judge must recuse sua sponte when the facts warrant recusal. See Taylor v. O'Grady, 888 F.2d 1189, 1200 (7th Cir.1989).

### III. ANALYSIS

The Court finds that recusal is not warranted here.

As noted above, the test for recusal under § 455(a) is an objective one that asks whether "an objective, disinterested observer fully informed of the reasons that recusal was sought would entertain a significant doubt that justice would be done in the case." Herrera-Valdez, 826 F.3d at 917. Because the test is an objective one, the focus is on how things appear to a "well-

informed, thoughtful observer," not a "hypersensitive or unduly suspicious person."  In re Mason, 916 F.2d 384, 385-86 (7th Cir. 1990) (noting that "[a] reasonable observer is unconcerned about trivial risks").

The Court's impartiality cannot be reasonably questioned here.  The Court's daughter is employed by the Exoneration Project, an entity separate from Loevy & Loevy—even if funded by Loevy & Loevy.  While many of the Exoneration Project's attorneys work for Loevy & Loevy, the Court's daughter does not.  The Court's daughter is not involved in this case and is, in fact, screened from involvement in cases in which the Court presides.  The Court's daughter does not have a financial or other interest in this case that would be affected by the outcome of this case.  Under these circumstances, no objective, disinterested observer would entertain a significant doubt that justice would be done in this case.  See, e.g., Microsoft Corp. v. United States, 530 U.S. 1301(2000) (Rehnquist, C.J., respecting recusal) (declining to recuse where the Chief Justice's son was a partner in the firm appearing before the Court and who represented Microsoft in other matters); Leisure Pass North Am., LLC v. Leisure Pass Group, Ltd.,

No. 2:12-cv-03375, 2014 WL 12755001, at *2 (D. N.J. Feb. 20, 2014) (finding impartiality could not reasonably be questioned where the judge's son-in-law was an associate with the firm representing the defendant because the firm was large, all of the attorneys working on the case were located in a different office than the son-in-law, the son-in-law never worked on any matter involving the defendant or with any of the attorneys who worked for the defendant, and the son-in-law's compensation was not contingent upon the firm's work for the defendant).

The case cited by Defendants is distinguishable. In <u>SCA Servs., Inc. v. Morgan</u>, 557 F.2d 110 (7th Cir. 1977), the Seventh Circuit found, based on the circumstances of that case, that the judge's impartiality might reasonably be questioned. Those circumstances included that the judge's brother was a senior partner in the firm appearing before the judge, the brother could have a substantial financial interest in the underlying litigation, the judge had a close relationship with his brother, and the judge made a confidential inquiry to determine the capacity in which his brother was involved in the case. <u>Id.</u> 115-116 (noting that the "judge's inquiry creates an impression of private consultation and

appearance of partiality which does not reassure a public already skeptical of lawyers and the legal system").

In contrast here, the Court's daughter is not participating in this case, is not a partner or even an associate in the Loevy & Loevy firm, and she does not stand to benefit financially or otherwise from the result of this case. Any suggestion that the outcome of this case may affect Loevy & Loevy's funding of the Exoneration Project is simply too tenuous to find that the Court's impartiality would be reasonably questioned. In addition, the Court did not make any confidential inquiry to determine her daughter's involvement in the case, instead only looking at the public Exoneration Project website and then holding a hearing at which further information was provided by counsel for Plaintiffs.

Defendants also argue that the Court's attendance at the Illinois Innocence Project's annual Defenders of the Innocent dinner warrants recusal. Defendants assert that the Court's support and participation of such an event would cause an objective person to reasonably question her impartiality, especially when Curtis Lovelace was an honored

exoneree and the Court's daughter works for the Exoneration Project.

The Court disagrees. The event had nothing to do with litigation under 42 U.S.C. § 1983 and did not address Curtis Lovelace's criminal or civil case. The extent of the attention to the Curtis Lovelace case was that Curtis Lovelace, among others, was recognized at the event and called up to the stage. To the Court's knowledge, Curtis Lovelace was not advertised as an honoree of the event and was not represented by the Innocence Project. No discussion occurred regarding the facts of Curtis Lovelace's criminal prosecution or this case. Under these circumstances, the Court does not find that the Court's impartiality might reasonably be questioned. See, e.g., In re Aguinda, 241 F.3d 194, 205 (2d Cir. 2001) (finding a reasonable person would not doubt the judge's impartiality in the case where the judge attended an expense-paid seminar, the defendant provided minor general funding to an organization that sponsored the seminar, and the seminar presented an "unbalanced" view on general environmental policy issues; the presentation did not relate to legal issues material to the disposition of a claim or defense in the action and the funding

was too minor to appear to a reasonable person to have an influence on the judge).

### IV. CONCLUSION

For the reasons stated, the Joint Motion Seeking Recusal (d/e 83) is DENIED.

**ENTERED: July 10, 2019**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**