IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CURTIS LOVELACE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 1:17-cv-1201-JES-JEH |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| DET. ADAM GIBSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR EXTENSION
OF DISMISSAL CONVERSION DATE AS TO THE QUINCY DEFENDANTS**

Plaintiffs, by their undersigned attorneys, respectfully moves for a ten day extension of the date upon which the dismissal of their claims against the Quincy Defendants converts to a dismissal with prejudice, stating in support as follows:

1. Plaintiffs and Defendants reached a settlement in this case at the settlement conference held on June 30, 2022, and have worked since that time to finalize a written settlement agreement and logistics of payment. *See generally* Dkts. 137, 138.

2. On August 17, 2022, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Plaintiffs and Defendants filed a joint stipulation of dismissal. Dkt. 139. Pursuant to that stipulation of dismissal, the dismissal of claims was initially without prejudice, but which would convert to a dismissal with prejudice automatically on August 24, 2022 (the "Conversion Date"). *Id.* ¶ 2. That dismissal was also subject to Plaintiffs' right to seek to reinstate the case prior to the Conversion Date in the event that one or more Defendants failed to satisfy their payment obligations under the settlement agreement. *Id.* ¶ 3.

3. The Adams County Defendants (Defendants Gary Farha, James Keller, and County of Adams) have completed all of their obligations under the settlement agreement.

Plaintiffs hereby reiterate their assent to the dismissal with prejudice of their claims against the Adams County Defendants, pursuant to the stipulation of dismissal. Dkt. 139.

    4.    The Quincy Defendants (Defendants Adam Gibson, Robert Copley, John Summers, Dina Dreyer, Anjanette Biswell and the City of Quincy ) have not yet completed their obligations under the settlement agreement. Specifically, although all parties have now signed and executed the written settlement agreement, the Quincy Defendants have yet to complete payment of their portion of the settlement funds to Plaintiffs.

    5.    Counsel for Plaintiffs was informed earlier this evening that while the payment is in process, the settlement check will not be ready until early next week.

    6.    While counsel for Plaintiffs have no reason to doubt these representations, in order to preserve their right to seek enforcement of the settlement agreement in this Court in the event of nonpayment or further delayed payment, Plaintiffs respectfully request that the Court extend the Conversion Date as to the Quincy Defendants by 10 days, to September 3, 2022, preserving Plaintiffs right to reinstate the case pursuant to Paragraph 3 of the Stipulation of Dismissal prior to that date.

    7.    In the event this relief is granted, absent further action by Plaintiffs, the dismissal without prejudice as to the Quincy Defendants would automatically convert to a dismissal with prejudice on September 3, 2022.

WHEREFORE, Plaintiffs respectfully request a 10 day extension of the date upon which the dismissal of Plaintiffs claims against the Quincy Defendants converts to a dismissal with prejudice (to September 3, 2022).

Dated: August 23, 2022              Respectfully submitted,

                                                               Counsel for Plaintiffs:
                                                               /s/ Jon Loevy

                                                               Jon Loevy
                                                               LOEVY & LOEVY
                                                               311 North Aberdeen Street
                                                               Chicago, IL 60607
                                                               jon@loevy.com

## CERTIFICATE OF SERVICE

      I, Jon Loevy, an attorney, hereby certify that on August 23, 2022, I filed the foregoing motion using the Court's CM/ECF system, which effectuated service on all counsel of record.

                                                                      /s/ Jon Loevy
                                                                      *One of Plaintiff's Attorneys*